## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| GUADALUPE DELAROSA, JR. | CIVIL ACTION NO. 2:18-00186 |
| VERSUS | JUDGE SUMMERHAYS |
| PACKAGING CORP. OF AMERICA, INC., ET AL | MAG. JUDGE KAY |

## RULING ON OBJECTIONS

Before the court is a "Motion to Remand" (Rec. 9) and a "Motion for Leave to File First Amended Complaint" (Rec. 15). The Magistrate Judge issued a Report and Recommendation[1] wherein she recommended that the Motion to Remand and the Motion to Amend Complaint be denied. It also recommended that Defendant, Timothy Wohlers, be dismissed without prejudice. The Court issues this Ruling to address Plaintiff's objection that the Magistrate Judge erred in recommending the motion to remand be denied, because she did not resolve all contested issues of fact in Plaintiff's favor, and because she "omitted citation of and refrained from discussing the 'should have known' element found in the 3rd *Cantor* factor." (Rec. 30-2 at 4).[2]

The Court finds the Magistrate Judge appropriately exercised her discretion to pierce the pleadings in this matter. When a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[3] At a minimum, the complaint omitted discrete facts pertaining to Wohler's presence *at the time of* the explosion and his knowledge of, as well as his

---

[1] Rec. #26.
[2] The Court finds Plaintiff's remaining objections are without merit, and overrules them without further discussion.
[3] *Guillory v. PPG Industries, Inc.* 434 F.3d 303 (5th Cir. 2005).

1

responsibility for the welding work. The Defendant cannot rely on the lack of evidence alone but must negate every element of his claim.[4] Defendant, Wohlers, submitted an affidavit which effectively negates his responsibility and therefore his personal duty to the welders on the day of the explosion. Wohlers had no knowledge of the welding being done on the day of the explosion, he had no involvement in the permitting process, he was not present at the worksite at the time of the explosion, and thus he could nor should have been aware of the risks involved. Moreover, Wohlers had no reason to know of the hazardous conditions created by the welding work performed over the tank. There are no allegations that welding was a regular occurrence or something that Wohlers should have anticipated. These facts are uncontradicted. The undersigned is satisfied that Defendant, Wohlers, has met his burden of proof to preclude the possibility of recovery.

## CONCLUSION

Accordingly, for these additional reasons, the Report and Recommendation will be adopted, the Motion to Remand will be denied, and Defendant, Timothy Wohlers, will be dismissed without prejudice. In addition, the motion to amend will be denied for the reasons stated in the Report and Recommendation.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 13th day of November, 2018.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 766 & n.9 (5th Cir. 2016).